FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 SEP 14 A 9: 57

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTOPHER McCANN | * | |
| Petitioner | * | |
| v | * | Civil Action No. GJH-15-2235 |
| FRANK BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Respondents' Limited Answer to the above-entitled Petition for Writ of Habeas Corpus seeks dismissal of the petition as an unauthorized successive petition. ECF No. 4. In response Petitioner asserts that this Court's prior decision did not address the merits of his claims and that this petition is therefore not unauthorized. ECF No. 5. Upon review of the pleadings filed, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons stated herein, the Petition shall be dismissed and a certificate of appealability shall not issue.

Petitioner Christopher McCann sought federal habeas relief from this Court by his March 1, 2010 Petition for Writ of Habeas Corpus which was dismissed on December 14, 2010. *See McCann v. Shearin, et al.*, Civil Action RWT-10-486 (D. Md. 2010)[1] at ECF No. 7 & 8 (Memorandum Opinion and Order). In his 2010 petition McCann challenged the same state criminal convictions for attempted first-degree murder and violation of a protective order at issue

---

[1] Hereinafter *McCann I*.

in the instant case. In the 2010 Memorandum Opinion this Court summarized the relevant state court proceedings as follows:

> On May 1, 2006, Alison Kirby, the mother of Petitioner's three children, was attacked in the parking lot of a Baltimore County Wal-Mart, suffering multiple stab wounds and lacerations to her head, face, neck, shoulder and arm, as well as a fractured skull. ECF No. 5. Petitioner was identified as the assailant and arrested the night of the assault. He was tried and convicted by a jury of attempted first-degree murder and violation of a protective order. *Id.* at Ex. 3, pp. 162 – 64. On December 8, 2006, Petitioner was sentenced to serve life in prison for first-degree attempted murder and 90 days concurrent for violating the protective order. *Id.* at Ex. 4, pp. 30 –32.
>
> Petitioner appealed his conviction to the Maryland Court of Special Appeals, raising the following four issues.
>
> 1. Did the trial court err in overruling McCann's objection to the victim's testimony as to what she thought McCann was thinking?
>
> 2. Did the trial court err in denying McCann's motion for judgment of acquittal on the grounds of insufficient evidence McCann acted with deliberation and premeditation?
>
> 3. Was McCann denied his due process right to a fair trial by the prosecutor's misstatements of the evidence and the law, and improper arguments and other comments?
>
> 4. Is McCann's sentence cruel and unusual punishment, and otherwise unlawful because of the trial court's failure to consider the guidelines and to note her reasons for departure from the guidelines?
>
> ECF No. 5 at Ex. 5, p. 2. On March 17, 2009, the Court of Special Appeals affirmed Petitioner's convictions and sentences in an unreported opinion. *Id.* at Ex. 8. Petitioner did not file a petition for writ of certiorari in the Maryland Court of Appeals, nor has he filed a petition for post-conviction relief. Accordingly, Respondents assert Petitioner's claims are procedurally defaulted. *Id.* at pp. 13 and 14.

*McCann I* at ECF No. 7 at pp. 1–2. This Court then found that McCann's failure to seek certiorari review from the Court of Appeals "was not due to an objective factor outside of his control" and therefore the issues he raised on appeal were procedurally defaulted. *Id.* at p. 5.

The Court further found that its inability to reach the merits of the claims would not result in a manifest injustice as the evidence of McCann's guilt was overwhelming. *Id.*

McCann claims that the instant petition is not successive as asserted by Respondents. ECF No. 5. Rather, he claims that because he asked this Court to hold the prior petition *sub curia* while he "finished leave to appeal post-conviction" the Court had no authorization or jurisdiction to rule on the petition. *Id.* at p. 1. This Court observed in the 2010 decision that any post-conviction petition filed by McCann would not serve to toll the one-year filing deadline because the time period had already expired, but McCann argues that the one-year filing deadline for his federal habeas petition "never even started" under the ruling of *Wall v. Kholi*, 131 S. Ct. 1278 (2011). *Id.* at p. 2. McCann does not explain why the one-year filing deadline remains tolled; however, review of the electronic state docket reveals that McCann filed a "Motion to Revise Sentence" on December 28, 2006, which appears to remain pending in the state court. *See State of Maryland v. McCann*, Case No. 03K06002333 (Balt. Co. Cir. Ct. 2006); http://casesearch.courts.state.md.us/inquiry. McCann did not appeal this Court's 2010 dismissal of his petition.

Under 28 U.S.C. §2244, McCann may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). Where the claim presented in a second or successive habeas application was presented in a prior application, the claim is to be dismissed. *See* U.S.C. § 2244(b)(1). Where the claim presented in a second or successive habeas application was not presented in a prior application, dismissal is required unless the applicant makes certain showings. *See* 28 U.S.C. § 2244(b)(2). The pending petition is successive and challenges the

3

same 2006 conviction that was the subject of the prior petition. Dismissal of the prior petition upon a finding of procedural default is a determination of the merits of the prior petition for purposes of this review. *See Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining if a habeas petition is successive), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). McCann's argument that his petition is not time-barred because he has a motion pending with the state court does not change the analysis; his prior petition was dismissed on procedural default grounds not because it was time barred.

This Court may not consider the pending petition unless and until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that McCann has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should McCann wish to seek authorization to file a successive petition. It is to be emphasized that McCann must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The denial of a Certificate of Appealability does not preclude Petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because McCann has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a Certificate of Appealability.

A separate Order follows.

9/14/2018
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE